UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DUANE WOMACK, individually and on behalf of all
others similarly situated,

                                                      Plaintiff,                          6:21-cv-00332 (BKS/TWD)

v.

EVOL NUTRITION ASSOCIATES, INC., *d/b/a* Red
Dawn Energy, a Georgia Corporation,

                                                      Defendant.
_____

**Appearances:**

*For Plaintiff:*
Trenton R. Kashima
Sommers Schwartz, P.C.
402 West Broadway, Ste. 1760
San Diego, CA 92101

Jan M. Smolak
Michaels & Smolak, P.C.
17 East Genesee St., Ste. 401
Auburn, NY 13021

*For Defendant:*
Phillip A. Oswald
Rupp Baase Pfalzgraf Cunningham LLC
227 Washington St., Ste. 1C
Saratoga Springs, NY 12866

Kevin J. Federation
Rupp Baase Pfalzgraf Cunningham LLC
400 Powers Bldg.
16 West Main St.
Rochester, NY 14614

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Duane Womack commenced this proposed class action against Defendant EVOL Nutrition Associates, Inc. seeking damages, restitution, injunctive relief, costs, and attorney's fees for Defendant's allegedly unfair and deceptive trade practices in the marketing, distribution, and retail of its "Sleep Walker" and "Red Dawn" Products (the "Products"), which contain a drug known as Phenibut. (Dkt. No. 1). Plaintiff asserted his claim on behalf of himself and others similarly situated who purchased the Products, alleging violation of the Unfair and Deceptive Trade Practices Act, New York General Business Law ("NYGBL") § 349 et. seq. (*Id.*).

On December 14, 2021, the Court granted Defendant's motion to dismiss the Complaint for failure to allege an omission-based claim under NYGBL § 349, finding that the Complaint "fail[ed] to allege that information regarding Phenibut's health risks and addictive nature was exclusively in Defendant's possession, or even that Defendant had knowledge that the Product was causing health problems to consumers." *Womack v. EVOL Nutrition Assocs., Inc.*, No. 21-cv-332, 2021 WL 5906340, at * 10, 2021 U.S. Dist. LEXIS 238347, at *27–28 (N.D.N.Y. Dec. 14, 2021). The Court granted leave to replead and Plaintiff has filed a First Amended Complaint ("FAC"). (Dkt. No. 24). Presently before the Court is Defendant's motion to dismiss the FAC under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and, in the alternative, to strike irrelevant and impertinent materials under Fed. R. Civ. P. 12(f). (Dkt. No. 26). The motion is fully briefed, with a response from Plaintiff and a reply from Defendant. (Dkt. Nos. 29, 30). For the following reasons, Defendant's motion to dismiss for failure to state a claim is granted.

## II.     MATERIALS OUTSIDE THE FAC

The FAC refers to websites and internet pages, including: (1) pages on Defendant's website, (*see* Dkt. No. 24, ¶ 24 (first citing https://www.reddawnenergy.com/where-to-find-red-dawn/, and then citing https://www.reddawnenergy.com/products/)); (2) an online petition with consumer complaints, (*id.* (citing https://www.thepetitionsite.com/567/578/350/demand-an-end-to-selling-red-dawn-drinks-its-killing-people/)); and (3) an FDA webpage, (*id.* ¶ 25 (citing https://www.fda.gov/food/new-dietary-ingredients-ndi-notification-process/new-dietary-ingredients-dietary-supplements-background-industry#must_notify)). In its motion to dismiss, Defendant asks the Court to consider an article on the University of Michigan's website titled: "Phenibut: The Russian Cosmonaut Drug You Can Buy Online to Reduce Anxiety." (Dkt. No. 26-3, at 13 n.3 (citing https://medicine.umich.edu/dept/psychiatry/news/archive/202010/phenibut-russian-cosmonaut-drug-you-can-buy-online-reduce-anxiety)).

"Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to consideration of the complaint itself." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). However, considering "materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion." *Id.* A complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). "[I]f material is not integral to or otherwise incorporated in the complaint, it may not be considered unless the motion to dismiss is converted to a motion for summary judgment and all parties are 'given a reasonable opportunity to present all the material that is pertinent to the motion.'" *Id.* (quoting Fed. R. Civ. P. 12(d)).

The Court finds that the websites and internet pages relied on in the FAC are incorporated by reference into the FAC and may be considered on the motion to dismiss. *See Mockingbird 38, LLC v. Int'l Bus. Times, Inc.*, No. 21-cv-283, 2022 WL 154137, at *4 n.4, 2022 U.S. Dist. LEXIS 8721, at *10 n.4 (S.D.N.Y. Jan. 18, 2022) (finding that the content of a website relied upon in the complaint is incorporated by reference and may be considered on a motion to dismiss). However, the Court will not consider the article on the University of Michigan website, as it is neither referenced in nor relied on in the FAC.

### III.   FACTS[1]

Plaintiff alleges that Defendant "knew that the Products were unsafe and addictive"; Plaintiff "is informed and believes that Defendant received numerous consumer complaints regarding the safety of its Products," based on "user complaints" that were "posted elsewhere." (Dkt. No. 24, ¶ 24). Plaintiff alleges that petitions "have been submitted to Defendant [that] its energy drinks were unsafe and addictive," citing to a petition on thepetitionsite.com, titled "Demand an End to Selling RED DAWN drinks, It's KILLING people!" (*Id.* (citing https://www.thepetitionsite.com/567/578/350/demand-an-end-to-selling-red-dawn-drinks-its-killing-people/ (last accessed Aug. 15, 2022))). The petition states:

> Red Dawn drinks are sold easily at convenience stores across Alabama, most are placed right on the counter by the register, so you'll be sure to see them. These drinks are addictive and on 12/28/2017 a 28 year old young man drank this before going in to work, then was dead by 6:00 pm.

---

[1] The Court assumes familiarity with its prior decision in this case. The facts here are drawn primarily from the new allegations in the FAC, (Dkt. No. 24), and materials incorporated by reference. The Court assumes the truth of all well-pleaded facts and draws all reasonable inferences in Plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

*See* https://www.thepetitionsite.com/567/578/350/demand-an-end-to-selling-red-dawn-drinks-its-killing-people/. The petition has 247 supporters. *Id.* One supporter commented, inter alia: "The chemical that is affecting your brain is called phenibut. There are several different chemical makeups of this drug. Red Dawn uses the strongest analogue there is. 4-amino 3- phenyl butanoic acid. This is actually considered a tranquilizer." *Id.*

Plaintiff alleges that the only method of submitting a complaint to Defendant regarding the Products is "through non-public means." (Dkt. No. 24, ¶ 24). Although Defendant distributes the Products at gas stations and convenience stores, and offers them for sale on its website, consumers cannot post comments or reviews at traditional retailers and Defendant "does not allow comments or reviews of its Products on its website." (*Id.*). Defendant does not share complaints regarding the Products with customers. (*Id.*). Consumer complaints and "the extent of the complaints received" are "generally only available to Defendant." (*Id.*).

Plaintiff alleges that "it was Defendant that placed the Phenibut in the Products," and "[u]nder [Food and Drug Administration ("FDA")] regulations, Defendant was required to research the use of Phenibut in the Products, including (1) the level of Phenibut in the Products; (2) conditions of use of the Products recommended or suggested in the labeling . . .; and (3) history of use or other evidence of safety establishing that Phenibut, when used under the conditions recommended or suggested in the labeling of the Products, will reasonably be expected to be safe." (*Id.* ¶ 25 (citing https://www.fda.gov/food/new-dietary-ingredients-ndi-notification-process/new-dietary-ingredients-dietary-supplements-background-industry#must_notify (last accessed Aug. 15, 2022))). Plaintiff alleges that this research "would have revealed" that the Phenibut in the Products is "unsafe and addictive." (*Id.*).

Plaintiff alleges that Defendant "attempted to obscure the exact nature of the presence of Phenibut in [its] Products" by using the terms "Proprietary Blend" or "Proprietary Focus/Mood Blend" on the Products' labels. (*Id.* ¶ 26). In this "Proprietary Blend," Defendant lists the chemical name for Phenibut—"beta-phenyl-gamma-aminobutyric acid" or "β-phenyl-γ-aminobutyric acid"—"esoteric terminology" that consumers "are less likely to understand . . . means that the Products contain[] Phenibut." (*Id.*). By using the term "Proprietary Blend," or "Proprietary Focus/Mood Blend" Defendant "is able to hide the amount of Phenibut in [its] Products by aggregating the Phenibut contents with other ingredients." (*Id.* ¶ 27).

Plaintiff alleges that Defendant has "exclusive knowledge regarding the amount of Phenibut in the Products and the corresponding research and consumer complaints regarding whether this amount of Phenibut is safe or addictive," and yet, "failed to provide this information, or any warning regarding the Phenibut contained within the Products, to consumers." (*Id.* ¶ 28).

## IV. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     NYGBL § 349**

To state a claim under NYGBL § 349 based on an omission, "a plaintiff must plausibly allege that a (1) business alone possessed material information and (2) failed to provide that information to consumers." *Kommer v. Ford Motor Co.*, No. 17-cv-296, 2017 WL 3251598, at *4, 2017 U.S. Dist. LEXIS 118335, at *9 (N.D.N.Y. July 28, 2017) (first citing *Dixon v. Ford Motor Co.*, No. 14-cv-6135, 2015 WL 6437612, at *8, 2015 U.S. Dist. LEXIS 146263, at *23–24 (E.D.N.Y. Sept. 30, 2015); and then citing *Szymczak v. Nissan N. Am., Inc.*, No. 10-cv-7493, 2011 WL 7095432, at *16, 2011 U.S. Dist. LEXIS 153011, at *46 (S.D.N.Y. Dec. 16, 2011)). The NYGBL requires "either actual or constructive knowledge to state a claim based on omissions." *Leonard v. Abbott Labs., Inc.*, No. 10-cv-4676, 2012 WL 764199, at *24, 2012 U.S. Dist. LEXIS 30608, at *68 (E.D.N.Y. Mar. 5, 2012) (citing *Woods v. Maytag*, No. 10-cv-599, 2010 WL 4314313, at *15, 2010 U.S. Dist. LEXIS 116595, at *48 (E.D.N.Y. Nov. 2, 2010) ("As with fraud claims, when a defendant exclusively possesses information that a reasonable consumer would want to know and could not discover without difficulty, failure to disclose can constitute a deceptive or misleading practice.")).

Defendant moves to dismiss the FAC for failure to plead that Defendant had exclusive knowledge of the alleged side effects and safety concerns associated with Phenibut. (Dkt. No. 26-3, at 12–14). Defendant notes that the petition containing safety and health complaints, cited in the FAC, is online and available to the public. (*Id.* at 13). Plaintiff counters that he has alleged that Defendant failed to disclose that its Products contained an unapproved food additive, and that:

> Defendant not only obfuscated the presence of a dangerous chemical in the Products through the use of an obscure chemical designation, but it [also] had exclusive knowledge of the two primary metrics which would be used to ensure the safety of the dosage of the Phenibut contained within the Products: the amount of Phenibut per serving and reported consumer complaints regarding the safety of the Products. Thus, Defendant has "exclusive knowledge" regarding the health and safety of the Products for purposes of section 349.

(Dkt. No. 29, at 17, 19–20).

The Court finds that Plaintiff has failed to plausibly allege an NYGBL § 349 claim based on (1) the failure to disclose that Phenibut was not approved by the FDA, (2) the use of the chemical name for Phenibut on the Products' packaging, or (3) the failure to disclose the dosage of Phenibut in the Products.

### 1. Lack of FDA Approval

The Food Drug and Cosmetic Act ("FDCA") does not provide a private cause of action, and "[t]hat 'gap' is not filled by the NYGBL." *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 683 (S.D.N.Y. 2021) (citing *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 805 (S.D.N.Y. 2021)).[2] While false or misleading representations of FDA approval may be actionable under state consumer protection statutes, "merely challenging the defendant's marketing of a non-approved drug" is not actionable. *See In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 374–75 (E.D.N.Y. Mar. 30, 2010) (citing *Mut. Pharm. Co. v. Ivax Pharms., Inc.*, 459 F. Supp. 2d 925, 940 (C.D. Cal. 2006)). Thus, Plaintiff's allegations that Defendant failed to disclose that the Products contained an unapproved food additive in violation of the FDCA, unaccompanied by allegations that the Products' labeling was false or implied FDA approval, is not sufficient to state a claim under

---

[2] Any claim that Plaintiff attempted to state under the FDCA was dismissed in the Court's prior ruling. *Womack*, 2021 WL 5906340, at *9, 2021 U.S. Dist. LEXIS 238347, at *24–25.

NYGBL § 349. *See, e.g.*, *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017) (explaining that without an allegation of deception, an act that violates "another statute which does not allow for private enforcement," is insufficient to state a claim under NYGBL § 349).

### 2.   Use of Phenibut's Chemical Name

Plaintiff's contention that Defendant obscured the presence of Phenibut in the Products by using the chemical name, and thus had exclusive knowledge that "its Products contained a dangerous ingredient, Phenibut," or that consumers could not obtain this information without difficulty, is likewise without merit. (Dkt. No. 29, at 17–19). Plaintiff notes that FDA regulations require that product labels contain the "common or usual name of a food." (*Id.* at 18 (citing 21 C.F.R. § 102.5)); *see also* 21 U.S.C. § 343(i). But, again, the FDCA does not provide a private cause of action, and "[t]hat 'gap' is not filled by the NYGBL." *Budhani*, 527 F. Supp. 3d at 683. To state a claim under the NYGBL, "the challenged act must be 'inherently deceptive,' and 'such acts cannot be re-characterized as 'deceptive' simply on the grounds that they violate another statute which does not allow for private enforcement.'" *Id.* (first citing *Barreto*, 518 F. Supp. 3d at 805; and then citing *Nick's Garage*, 875 F.3d at 127–28).

Plaintiff argues that "esoteric ingredient names make[] it more difficult for an ordinary consumer to reasonably apprehend what is actually contained in their supplements," (Dkt. No. 29, at 18), citing to *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (N.Y. 1995) (ruling that a bank's liability under NYGBL § 349 would depend on "whether plaintiffs possessed or could reasonably have obtained the relevant information they now claim the Bank failed to provide"). But here, Plaintiff has not plausibly alleged that Defendant had exclusive knowledge of the existence of Phenibut in the Products or that consumers could not reasonably discover this information, simply because Phenibut's chemical

9

name, rather than its common name, is used on the Products' packaging. This is unlike cases involving internal corporate policies or practices, *see, e.g.*, *Oswego*, 85 N.Y.2d at 27 (denying motion for summary judgment as to the question of whether the plaintiffs "possessed or could reasonably have obtained" information about how a bank treated different savings accounts indicated by color-coded signature cards); *Watts v. Jackson Hewitt Tax Serv., Inc.*, 579 F. Supp. 2d 334, 347–48 (E.D.N.Y. 2008) (finding that defendants' "non-itemized general bill" for tax return preparation "made it extremely difficult for customers including plaintiffs . . . to determine how and whether they were overcharged"). Here, there are no allegations in the FAC from which the Court could reasonably infer that it is difficult for consumers to determine that Phenibut was in the Products because its chemical name, as opposed to its common name, was on the label, or that Defendant was in sole possession of the knowledge that the chemical listed on the label was Phenibut.

Plaintiff's allegations undercut this assertion: he cites to a public petition where one consumer specifically stated that the Products contain Phenibut, and although one public complaint does not necessarily mean that consumers were "entirely capable of discovering the information on their own," "public discussion" does tend to "undercut and render implausible" that Defendant alone knew that the Products contained Phenibut, or that consumers could not reasonably obtain that information. *See Kyszenia v. Ricoh USA, Inc.*, No. 20-cv-2215, 2022 WL 326981, at *4, 2022 U.S. Dist. LEXIS 19895, at *10–11 (E.D.N.Y. Feb. 3, 2022). The Court further notes that the product pages on Defendant's website for its Sleep Walker liquid products state that they contain "Gaba," and that Plaintiff alleges that "Beta-phenyl-gamma-aminobutyric acid" is "better known as 'Phenibut' or 'GABA.'" (Dkt. No. 24, ¶ 2); *See* Sleep Walker Shot Original Flavor, https://www.reddawnenergy.com/product/sleepwalker-shot-original-flavor/;

Sleep Walker Shot Grape Touchdown Flavor,

https://www.reddawnenergy.com/product/sleepwalker-shot-grape-touchdown-flavor/ (last accessed Aug. 15, 2022).

The Court finds that Plaintiff fails to plausibly allege that consumers could not have reasonably discovered that the Products contained Phenibut or that the existence of Phenibut in the Products was exclusively within Defendant's knowledge. *See Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 529 (S.D.N.Y. 2003) ("The plaintiffs fail to allege that the information with regard to the nutritional content of McDonalds' products was solely within McDonalds' possession or that a consumer could not reasonably obtain such information. It cannot be assumed that the nutritional content of McDonalds' products and their usage was solely within the possession of McDonalds.").

### 3. Dosage and "Proprietary Blend"

Nor does the Court find that Plaintiff has plausibly alleged an omission-based GBL claim based upon the omission of the dosage of Phenibut. Plaintiff alleges that Defendant was "able to hide the amount of Phenibut in their Products by aggregating the Phenibut contents with other ingredients" in a "proprietary blend," and that in "larger doses, Phenibut can cause trouble breathing and unconsciousness" and "feelings of electric shocks in the arms and legs." (Dkt. No. 24, ¶¶ 2, 11, 27). But aside from these allegations, the FAC does not articulate a theory of liability based on the *dosage* of Phenibut in the Products. There are no allegations regarding the amount of Phenibut in the Products or facts from which the Court could infer that it was a "large" amount, or facts from which the Court could infer that the amount of Phenibut in the

Products caused Plaintiff's injuries.[3] Rather, the FAC alleges that *any* amount of Phenibut is unsafe. (*See id.* ¶¶ 2 ("Phenibut is a dangerous drug that has no place being in any food product"), 11 ("it has no legitimate use in normal consumer products"), 12 ("there is little scientific research to show what is a safe dose of Phenibut for an adult, if any")). While Plaintiff may plead in the alternative (i.e., that any amount of Phenibut is unsafe, and also that failure to disclose dosage was misleading), the FAC fails to plausibly allege an amount-based theory of liability. *See Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 247–48 (S.D.N.Y. 2019) (dismissing NYGBL claims based on defendant's failure to disclose the presence of glyphosate in its products because plaintiff did not allege the amount of glyphosate in the products or whether that amount was harmful, noting that the presence of a negligible amount of glyphosate would not be harmful and therefore not affect consumer's decisions to purchase the products); *cf. Yourth v. Phusion Projects, LLC.*, No. 11-cv-1261, 2012 WL 13055006, at *5, 2012 U.S. Dist. LEXIS 190743, at *15–16 (N.D.N.Y. Sept. 27, 2012) (finding NYGBL § 349 claim sufficient when the complaint alleged that "the combination of high levels of alcohol and caffeine, along with guarana and taurine, produce dangerous mi[n]d-altering effects that are not disclosed on the packaging and labeling . . . nor would reasonable consumers . . . be able to anticipate these dangerous mi[n]d-altering effects by reading the packaging . . . ").

Accordingly, Defendant's motion to dismiss the FAC for failure to allege a plausible claim for relief under NYGBL § 349 is granted.

## V.  CONCLUSION

For these reasons, it is hereby

---

[3] Plaintiff does not allege that he or any of the class members experienced the symptoms associated with large amounts of Phenibut such as unconsciousness or trouble breathing, (Dkt. No. 24, ¶¶ 2, 11); Plaintiff had "dizziness, nausea, or fatigue," (*id.* ¶ 7).

**ORDERED** that Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that the First Amended Complaint (Dkt. No. 24) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 16, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge